UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| KASHYAP P. PATEL,<br><br>*Plaintiff*<br><br>v.<br><br>CESARE FRANK FIGLIUZZI, JR.,<br><br>*Defendant* | Case No. 4:25-cv-02548 |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Defendant Cesare Frank Figliuzzi, Jr. moves for an order sealing the unredacted Request for Summons (ECF No. 2) and Summons (ECF No. 3) and requiring that Defendant's home address be redacted from those and other documents prior to their filing on the public docket. Plaintiff Kashyap P. Patel does not oppose this request.

Rule 5.2(a) of the Federal Rules of Civil Procedure requires the redaction of certain personal information. An individual's home address is not among the information that must be redacted, but Rule 5.2(e) provides that, for "good cause," the Court may order redaction of additional personal information. Rule 5.2(d) further provides that the Court may "order that a filing be made under seal without redaction. The court may . . . order the person who made the filing to file a redacted version for the public record." *Buster v. Bd. of Cnty. Commissioners for Lincoln County*, 2022 WL 1689387, at *1 (D.N.M. May 26, 2022). This Court's General Order 2004-11 similarly provides for redaction of an individual's street address information, allowing only the city and state to be included on publicly filed documents.

The purpose of Rule 5.2 is to "to protect privacy and security concerns" of individuals. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007). "Good cause" for redaction exists when a party's

45861817v.1

or witness's "privacy and security concerns" outweigh the public interest in access to judicial records. *Concerned Pastors for Soc. Action v. Khouri*, 2016 WL 8261002, at *1 (E.D. Mich. Oct. 25, 2016).

Defendant is a retired federal law enforcement officer who has taken substantial measures to protect himself and his family by removing his personal home address from public sources. For example, he has exercised his right under section 552.1175 of the Texas Government Code to ensure that his home address is considered "confidential and may not be disclosed to the public" under the Texas Public Information Act. Defendant has also taken measures to delete his home address information from online sources. Nevertheless, he and his family have received repeated physical threats and have been the victim of multiple "swatting" incidents at their current residence. One such "swatting" incident occurred when Defendant's granddaughter was visiting.

In similar circumstances, federal courts have entered protective orders to shield parties' or witnesses' home address information from public view. *See, e.g.*, *Bratcher v. Waters*, 2025 WL 722739, at *1 (M.D. Fla. Mar. 6, 2025) ("Good cause exists to extend privacy protections to home addresses and phone numbers based on the general safety risks to law enforcement officers and their immediate family members, reflected in the rationale behind [Florida's statutory analog to Tex. Gov't Code § 552.1175]."); *Butler*, 2022 WL 1689387, at *1 (granting "request to redact the address information on the return of service and require that [defendant's] location or address be redacted from documents filed in the future"); *Khouri*, 2016 WL 8261002, at *1 ("Here, redacting the home addresses of [witnesses] will not infringe on the public's right of public access because the addresses are irrelevant to the merits of this action. Furthermore, the high-profile nature of this case weighs in favor of protecting the privacy of the witnesses against potential unwanted contact by strangers to the litigation."); *Reaves v. Jewell*, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014)

("Protecting the safety of law enforcement qualifies as good cause."). As in these cases, there is no public interest in Defendant's home address, which is not material to Plaintiff's claims. Moreover, service has already been accomplished, and Defendant will not be seeking any judicial relief contesting the validity of service.

For these reasons, Defendant respectfully requests that the Court order the sealing of the unredacted Request for Summons (ECF No. 2) and Summons (ECF No. 3), indicating in the docket text that it is "unredacted," Fed. R. Civ. P. 5.2(e)(2), and further order that the parties shall redact the street number and street of any party's home address from these documents and any other documents prior to filing on the public docket, Fed. R. Civ. P. 5.2(e)(1).

Respectfully submitted,

*/s/ Marc A. Fuller*

Marc A. Fuller
Attorney-in-Charge
Texas State Bar No. 24032210
S.D. Tex. Bar No. 2035080
mfuller@jw.com
Maggie I. Burreson
Texas State Bar No. 24116150
S.D. Tex. Bar No. 3689815
mburreson@jw.com
Abigail A. Lahvis
Texas State Bar No. 24138136
S.D. Tex. Bar No. 3901286
alahvis@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5793
Facsimile:  (214) 953-5822

N. Scott Fletcher
S.D. Tex. Bar No. 16546
Kenneth P. Held
S.D. Tex. Bar No. 29197
FLETCHER HELD, PLLC
808 Travis Street, Suite 1553
Houston, Texas 77002
Phone : 713.255.0414
Fax : 713.255.0419
sfletcher@fletcherheld.com

Thomas S. Leatherbury
State Bar No. 12095275
S.D. Tex. Bar No. No. 19358
tom@tsleatherburylaw.com
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard St.
Dallas, TX 75201
Phone: (214) 213-5004

Peter B. Steffensen
State Bar No. 24106464
psteffensen@smu.edu
S.D. Tex. Bar No. 3372006
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
Phone: (214) 768-4077

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on July 9 and July 14-15, 2025, I conferred with Jason C. Greaves, Esq., counsel for the plaintiff. Mr. Greaves stated that he does not oppose the relief requested in this motion.

> /s/ Marc A. Fuller
> Marc A. Fuller

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 15th day of July, 2025, to the following:

Jason C. Greaves, Esq.
Jesse R Binnall, Esq.
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, VA  22314
Telephone: (703) 888-1943
Facsimile:  (703) 888-1930
jason@binnall.com
jesse@binnall.com
*Counsel for Plaintiff Kashyap P. Patel*

> /s/ Marc A. Fuller
> Marc A. Fuller