**BINNALL LAW GROUP**
P: 703-888-1943 • F: 703-888-1930
717 King Street, Suite 200 • Alexandria, VA 22314

**Jason Greaves**
PARTNER
D: 571-467-0003
E: jason@binnall.com

August 1, 2025

Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 6202
Houston, TX 77002

     RE:    *Patel v. Figliuzzi*, No. 4:25-cv-02548 (S.D. Tex.)

Dear Judge Hanks:

Because Plaintiff, FBI Director Kashyap Patel ("Dir. Patel"), plausibly alleges facts in support of each element of defamation, including actual malice, he opposes Defendant's forthcoming motion to dismiss.

I.    **Factual Background.**

The United States Senate confirmed Dir. Patel as Director of the Federal Bureau of Investigation (FBI) on February 20, 2025. Since assuming office, Dir. Patel has fully dedicated his energies toward protecting the American people, enforcing the law, and otherwise fulfilling the tremendous duties of FBI Director.

Notwithstanding Dir. Patel's dedicated service, Defendant, the former Assistant Director for Counterintelligence at the FBI, an insider who an ordinary person would believe to have insider knowledge, fabricated a lie to suggest that Dir. Patel was shirking his responsibilities at the FBI in favor of partying at "nightclubs."

II.    **Defendant's Statement was Defamatory.**

Despite spending much of his letter attempting to paint Dir. Patel as an unserious person who, heaven forbid, attends the occasional sporting event,[1] Defendant notably does not defend his statement as being true. Indeed, he apparently concedes that it is false. Defendant's argument appears to consist of ignoring what he said, pretending he said

---

[1] Consistent with the ignominious tradition of his fellow "journalists," Defendant cites to various news articles, and stretches or outright misrepresents what they contain to further smear Dir. Patel. For example, citing a *New York Times* article, Defendant asserts that "[t]he media reported Patel's fondness for 'clubs'" when, in fact, it was J. Edgar Hoover, not Dir. Patel, who was noted as being fond of clubs. Defendant then deceptively alters a quote from a *Wall Street Journal* article, asserting that "[i]t has also been reported that Patel had 'told officials he planned to spend a lot of time in Las Vegas . . . and asked for his personal trainer to be cleared to enter the building'". Defendant's ellipses omitted the key words "where he was living last year" that completely change the context of the statement.

something else, and then claiming that the weasel word "reportedly" gets him off the hook as protected opinion. That simply is not the law. A statement's defamatory meaning depends on its effects on an ordinary person's perception, considering the publication as a whole and the surrounding circumstances. *Campbell v. Clark*, 471 S.W. 615, 625 (Tex. Ct. App. 2015). Couching a statement in the form of an opinion or of simply "relaying" someone else's concerns "does not shield it from tort liability because opinions often imply facts." *Id*. at 627.

Defendant used his status as former FBI Assistant Director of Counterintelligence to tell a national audience that "[Dir. Patel has] been visible at nightclubs far more than he has been on the seventh floor of the Hoover Building." He did *not* say that there were "concerns that Patel is more interested in high-visibility socializing than in the routine work of the FBI"—as carefully recharacterized and word-smithed by Defendant's attorneys. There is a stark, *factual* difference between (1) an *FBI insider* saying that he has heard reports—reasonably perceived to be from people *inside the FBI*—that the new director is shirking his duties in favor of partying at nightclubs, and (2) a random commentator saying that the *New York Times* had criticized Dir. Patel for going to hockey games. Dir. Patel did not sue Defendant because of a hyper-literal application of Defendant's statement, as claimed by Defendant, but because of the factual suggestion that Dir. Patel has often been absent from work due to spending *any* time at nightclubs, which is categorically false. Defendant, an expert in counterintelligence, knew fully well what he was suggesting when he said it.

### III. Defendant made his statement with actual malice.

Dir. Patel plausibly alleges Defendant's subjective knowledge of fabricating this false suggestion, along with evidence of ill will and hostility, and therefore this case should proceed to discovery. Actual malice requires proof by clear and convincing evidence, viewing that evidence in its entirety, that the statement was made "with knowledge of its falsity or with reckless disregard for its truth." *Walker v. Beaumont Ind. Sch. Dist.*, 938 F.3d 724, 744 (5th Cir. 2019) (citing *Huckabee v. Time Warner Entm't Co.*, 19 S.W.3d 413, 420 (Tex. 2000)); *Bentley v. Bunton*, 94 S.W.3d 561, 596 (Tex. 2002). "The defendant's state of mind can—indeed, must usually—be proved by circumstantial evidence" which can include evidence of lack of care, ill will, and motive. *Bently*, 94 S.W.3d at 596. "Inherently improbable assertions and statements made on information that is obviously dubious may show actual malice." *Id*. at 597. Failure to investigate, *standing alone*, does not support a finding of actual malice, but the purposeful avoidance of truth can. *Campbell*, 471 S.W.3d at 631 (citing *Hart-Hanks Communications, Inc.*, 491 U.S. 657, 692 (1989)).

In this case, the Defendant, as the former Assistant Director of Counterintelligence, one of the highest ranks in the FBI, certainly had the insider connections to know, for a fact, that Dir. Patel is obviously not shirking his duties to party at nightclubs. Such a claim is so easily falsifiable and inherently improbable that there were obvious reasons to doubt its veracity, and Defendant's choice to say it regardless amounts to a reckless disregard for truth or, *at best*, a purposeful avoidance of truth. The very articles cited by Defendant in his

letter, which at worst portray Dir. Patel as more comfortable with public appearances than his predecessors, show the falsity of Defendant's statement: not a single one of them "reports" that he was anywhere near a nightclub or that he had been derelict in his duties as FBI Director in favor of late-night partying. This plausibly alleged, actual knowledge of falsity is enough to overcome a motion to dismiss. And that is without considering the additional evidence of ill will and motive.

As alleged in the Complaint, Defendant is a partisan commentator who has claimed that Dir. Patel is unfit to hold the post of FBI Director. He has gone so far as to question whether *anyone* who voted for President Donald J. Trump can even consider themselves American.[2] It is obviously Defendant's right to hold and express such opinions, and for him to resent—as he unabashedly does—Dir. Patel's appointment to lead the FBI, where Defendant dedicated 25 years of service. They do, however, evidence the passionate animus that Defendant holds for Dir. Patel and his motive to lie about and damage Dir. Patel's reputation. These cumulative allegations, found in paragraphs 13, 15–19, and 25–26 of the Complaint, and the reasonable inferences therefrom, amply support a finding of actual malice in this case.

## IV.     Defendant is not entitled to fee shifting.

Defendant's claim to be entitled to fee shifting is incorrect. First, he cites to inapplicable New York and Second Circuit law. Dir. Patel brought this action in Defendant's home state of Texas, and the defamatory statement was published nationwide, therefore, there is no significant relation to New York that would justify invoking its anti-SLAPP law. Regardless, New York's fee shifting statute would not apply in this Court because it is triggered by a procedural rule that is incompatible with Federal Rules 12 and 56, similar to Texas's anti-SLAPP statute, which the Fifth Circuit has held does not apply in federal court. *See Klocke v. Watson*, 936 F.3d 240, 245 (5th Cir. 2019) (holding that "[b]ecause [Texas]'s fee-shifting framework imposes additional requirements beyond those found in [Federal] Rules 12 and 56 and answers the same questions as those rules, the state law cannot apply in federal court"); *see also* N.Y. CIV. RIGHTS LAW § 70-a (triggered by N.Y. C.P.L.R. § 3211(g)).

For the above reasons, which are not a full recitation of Dir. Patel's legal rights, he will oppose Defendant's expected motion to dismiss and any request for fees.

Sincerely,

Jason C. Greaves

---

[2] Isaac Schorr, *NBC News Analyst Questions Whether Trump Voters Are Even 'American Anymore'*, MEDIAITE (Feb. 18, 2025), https://www.mediaite.com/media/tv/nbc-news-analyst-questions-whether-trump-voters-are-even-american-anymore/.