UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kashyap P. Patel,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Cesare Frank Figliuzzi, Jr.,<br><br>　　　　Defendant. | Civil Action No. 4:25-cv-02548 |

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.　State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

- The parties conducted the Rule 26(f) conference via Zoom video call on September 2, 2025. Jason Greaves attended on behalf of Plaintiff. Marc Fuller and Scott Fletcher attended on behalf of Defendant.

2.　List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

- None.

3.　Briefly describe what this case is about.

- This is a defamation case involving a single statement made by Defendant on MSNBC's *Morning Joe* on May 2, 2025: "Yeah, well, reportedly, [Director Patel has] been visible at nightclubs far more than he has been on the seventh floor of the Hoover building."

4. Identify any issues as to service of process, personal jurisdiction, or venue.

- None.

5. Federal jurisdiction.
    a. Specify the allegation of federal jurisdiction.
    b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.
    c. If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

- The parties agree that federal jurisdiction is appropriate pursuant to diversity of citizenship. Plaintiff is a resident and citizen of Nevada, Defendant is a resident and citizen of Texas, and the amount in controversy exceeds $75,000.

6. List anticipated additional parties that should be included, and by whom they are wanted.

- None.

7. List anticipated interventions.

- None.

8. Describe class-action or collective-action issues.

- None.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

- The parties have agreed to complete initial disclosures on October 2, 2025, fourteen days after the initial status conference.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

- Plaintiff has not made a claim for attorneys' fees.
- Defendant intends to request attorney's fees if he prevails and agrees to submit the fees issue on affidavits or declarations after other issues are resolved.

11. Describe the proposed discovery plan, including:
   a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.
   b. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

- The parties anticipate moving for a two-tiered protective order. The parties do not anticipate any threshold issues. There are no current disputes over electronic discovery, however, the parties disagree as to whether discovery should proceed during the pendency of Defendant's motion to dismiss.
- Plaintiff wishes to proceed with written discovery while the motion is pending.

    Courts may, in their discretion, stay discovery pending a motion to dismiss for good cause. *Edge196 LLC v. Jointer, Inc.*, No. 20-cv-3417, 2021 WL 4027696, at *1 (S.D. Tex. Jan. 22, 2021). Staying discovery during the

pendency of a motion to dismiss, however, is not the general rule, it is the exception to the rule. *Id.* Argument that the case will be dismissed is insufficient where, upon briefly reviewing the motion to dismiss, dismissal is not obvious. *See id.* And arguments that the discovery is "overly broad, unduly burdensome, and seek confidential information" are equally insufficient because there are alternative remedies to address such issues short of a stay. *See id.*

The party seeking the stay bears the burden of showing good cause. *X Corp. v. Media Matters for America*, No. 4:23-cv-01175, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024) (citing *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2479, 2015 WL 11019132, at *3 (N.D. Tex. Mar. 18, 2015) (Ramirez, M.J.)). The moving party must do so by making a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* (quoting *Sneed v. Abbot*, No. 21-cv-279, 2021 WL 2877239, at *5 (M.D. La. June 29, 2021). Here, a stay of discovery, before Defendant has even moved to stay discovery or met his burden, would be improper. This is especially true considering it is not obvious on the face of Defendant's motion to dismiss that it will be granted. Plaintiff will expand upon his arguments should Defendant move to stay discovery, as is the proper procedure.

- Defendant contends that all discovery other than initial disclosures should be stayed until after the Court rules on the motion to dismiss.

A trial court has broad discretion in limiting discovery and may properly exercise this discretion to stay discovery pending a decision on a dispositive motion. *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir. 1988) (citing *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976)). Numerous federal courts have stayed discovery pending resolution of a motion to dismiss defamation claims. *Ferrari v. Forbes Media LLC*, No. 25-12-GBW, 2025 WL 860064 (D. Del. Mar. 19, 2025) (staying discovery in defamation action pending resolution of motion to dismiss); *Kalra v. Adler Pollock & Sheehan, P.C.*, No. 3:20-CV-01393 (KAD), 2021 WL 6498259 (D. Conn. Mar. 16, 2021) (granting motion to stay discovery in indemnification and contribution action arising from libel judgment); *Stollings v. Texas Tech University*, No. 5:20-CV-250-H, 2021 WL 4171815 (N.D. Tex. Apr. 13, 2021) (granting motion to stay discovery in action alleging defamation while motion to dismiss was pending); *Grae v. Alamo City Motorplex LLC*, No. SA-18-CV-00664-DAE, 2018 WL 6588578 (W.D. Tex. Oct. 9, 2018) (granting discovery stay under Rule 26(c) in case alleging defamation but allowing discovery on who had access and control of websites where allegedly defamatory statements were made); *McGettigan v. Di Mare*, 2015 WL 3636582 (D. Colo. June 11, 2015) (granting motion to stay discovery pending resolution of motion to dismiss); *see also X-Corp. v. Media Matters for America*, 120 F.4th 190 (5th Cir. 2024) (granting motion for stay of discovery order compelling disclosure of donor

6

information and communications based on First Amendment concerns and lack of proportionality while appeal was pending).

In this action, there are many reasons to stay discovery until after the Court rules on the motion to dismiss. First, the motion to dismiss is meritorious and would dispose of all claims in this action so proceeding with expensive and time-consuming discovery would waste the parties' resources. Second, discovery is not required for the Plaintiff to respond to the motion to dismiss because it asks the Court to rule on whether a reasonable person would perceive the statement as rhetorical hyperbole and whether the complaint pleads sufficient facts to allege actual malice. Third, even written discovery is likely to present the Court with a host of complex issues, including confidentiality and privilege issues, better resolved after a ruling on the motion to dismiss. Most notably, there will likely be disputes about documents and/or testimony about Mr. Patel's schedule, his whereabouts at any given time, and the day-to-day operations of the FBI that raise national security concerns.

12. Experts
   a. Are experts needed on issues other than attorneys' fees?
   b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.
   c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

      d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

- The Plaintiff anticipates needing expert witnesses in support of his affirmative claims but does not anticipate needing a medical expert. The Defendant currently does not anticipate needing an expert witness but may reevaluate as the case progresses.
- The parties propose the following schedule for designation of experts:
    - The party with the burden of proof will designate experts and provide reports nine months after the Court's ruling on Defendant's motion to dismiss; and
    - The party without the burden of proof will designate experts and provide reports two months later.

13. State the date discovery can reasonably be completed.

- The parties believe discovery can be completed within one year after the Court's ruling on Defendant's motion to dismiss.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

- Plaintiff wishes to proceed with written discovery during the pendency of Defendant's motion to dismiss.

- Defendant contends that all discovery other than initial disclosures should be stayed until after the Court rules on the motion to dismiss. First, the motion to dismiss is meritorious and would dispose of all claims in this action so proceeding with expensive and time-consuming discovery would waste the parties' resources. Second, discovery is not required for the Plaintiff to respond to the motion to dismiss because it asks the Court to rule on whether a reasonable person would perceive the statement as rhetorical hyperbole and whether the complaint pleads sufficient facts to allege actual malice. Third, even written discovery is likely to present the Court with a host of complex issues, including confidentiality and privilege issues, better resolved after a ruling on the motion to dismiss. Most notably, there will likely be disputes about documents and/or testimony about Mr. Patel's schedule, his whereabouts at any given time, and the day-to-day operations of the FBI that raise national security concerns.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

- None.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

- The parties are open to prompt settlement or resolution of the case, but agree that at this stage, prior to any party having seen briefing on the motion to dismiss, settlement discussions are premature.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

- The parties believe that mediation could be effective, but that prior to briefing on the motion to dismiss, a mediation would be premature.

18. With the consent of all parties, a United States Magistrate Judge may preside and hear jury and nonjury trials. Indicate the parties' joint position on a trial before the Magistrate Judge.

- At this time, the parties do not consent to trial before a Magistrate Judge.

19. State whether a jury demand has been made and if it was made on time.

- Plaintiff made a jury demand in his Complaint on June 2, 2025.

20. Specify the number of hours it will likely take to present the evidence.

- The parties estimate it will take 50-60 hours to present evidence and believe scheduling a ten-day trial is appropriate.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

- None.

22. List other pending motions.

- Defendant's Motion to Dismiss for Failure to State a Claim was filed on September 5, 2025.

23. List issues or matters, including discovery, that should be addressed at the conference.

- None

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

- The parties certify that they have filed their Disclosure of Interested Parties.

Dated: September 8, 2025                                    Respectfully submitted,

*/s/ Jason C. Greaves*                                      */s/ Marc A. Fuller*
Jason C. Greaves                                            Marc A. Fuller
Attorney-in-Charge                                          Attorney-in-Charge
Texas Bar No. 24124953                                      Texas State Bar No. 24032210
S.D. Tex. Fed. ID No. 3921330                               S.D. Tex. Bar No. 2035080
                                                            mfuller@jw.com

11

Jesse R Binnall
Virginia Bar No. 79292
S.D. Tex. Fed ID No. 2979990

BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jesse@binnall.com

*Counsel for Plaintiff Kashyap P. Patel*

Maggie I. Burreson
Texas State Bar No. 24116150
S.D. Tex. Bar No. 3689815
mburreson@jw.com
Abigail A. Lahvis
Texas State Bar No. 24138136
S.D. Tex. Bar No. 3901286
alahvis@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5793
Facsimile: (214) 953-5822


N. Scott Fletcher
Texas State Bar No. 00789046
S.D. Tex. Bar No. 16546
Kenneth P. Held
Texas State Bar No. 24030333
S.D. Tex. Bar No. 29197
FLETCHER HELD, PLLC
808 Travis Street, Suite 1553
Houston, Texas 77002
Phone : 713.255.0414
Fax : 713.255.0419
sfletcher@fletcherheld.com


Thomas S. Leatherbury
Texas State Bar No. 12095275
S.D. Tex. Bar No. No. 19358
tom@tsleatherburylaw.com
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard St.
Dallas, TX 75201
Phone: (214) 213-5004

Peter B. Steffensen
Texas State Bar No. 24106464
S.D. Tex. Bar No. 3372006

psteffensen@smu.edu
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
Phone: (214) 768-4077

*Counsel for Defendant Cesare Frank Figliuzzi, Jr.*

## CERTIFICATE OF SERVICE

    I certify that on September 8, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

                                                 /s/ *Jason C. Greaves*
                                                 Jason C. Greaves
                                                 Attorney-in-Charge
                                                 Texas Bar No. 24124953
                                                 S.D. Tex. Fed. ID No. 3921330

                                                 *Counsel for Plaintiff Kashyap P. Patel*