# Jackson Walker LLP

November 13, 2025

Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 6202
Houston, TX 77002

Dear Judge Hanks:

Pursuant to section 6(E)(1) of your Honor's Court Procedures, the parties jointly request a conference to address a dispute over whether discovery should be stayed pending the Court's resolution of the defendant's Rule 12(b)(6) motion to dismiss the complaint.

## I.    Background and Current Posture

This is a defamation case brought by Kash Patel, the current Director of the FBI, against Frank Figliuzzi, a former FBI agent and longtime Patel critic. Director Patel asserts a single count of defamation based on a statement by Figliuzzi on the May 2, 2025 episode of MSNBC's *Morning Joe*. On September 5, Figliuzzi moved to dismiss the complaint in its entirety under Rule 12(b)(6). (Dkt. 25). Figliuzzi's motion argues that the challenged statement is protected hyperbole and that, even if the comment were interpreted literally, Director Patel has failed to adequately plead actual malice. In response, Director Patel argues that Figliuzzi's statement is defamatory based on how a reasonable viewer would understand it. and that he has sufficiently alleged actual malice. (Dkt. 29). The motion is fully briefed and ripe for the Court's decision. (Dkt. 30).

On October 31, Patel served written discovery requests. Figliuzzi requests that discovery be stayed pending the Court's resolution of the motion to dismiss. Dir. Patel opposes this request.

## II.    Defendant's Position

A federal district court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Spadafora v. Hotel Reservation Serv., Inc.*, 2023 WL 11762558, at 1 (E.D. Tex. Dec. 29, 2023) (quoting *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011)). Good cause for a stay "may exist when 'resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.''" *Id.* (citations omitted). Stays are particularly appropriate in defamation cases like this one, which implicate vital First Amendment interests. *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) (recognizing "powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation"); *Ferrari v. Forbes Media LLC*, 2025 WL 860064, at *3 (D. Del. Mar. 19, 2025) (granting stay in defamation case).

The breadth of Director Patel's recent requests further supports a stay. He seeks, for example, production of "all communications … you have had with anyone from August 1, 2024, to the present regarding [Patel]." Interrogatories demand that Figliuzzi identify all his social media accounts, all "blogs, forums, or other websites" on which he has commented or communicated about Patel, all communications "with the FBI or MSNBC regarding Dir. Patel from January 1, 2020, to present," and any person who has provided any information about Patel. In addition to its invasiveness and burden as to Figliuzzi, such discovery could detrimentally impact constitutionally protected newsgathering and possibly put any sources at risk of termination or other retributive action. *Von Drake v. Nat'l Broad. Co., Inc.*, 2004 WL 1144142, at *1-2 (N.D. Tex. May 20, 2024) (granting stay pending motion to dismiss, where plaintiff's discovery requests were overbroad and harassing); *cf.* Ben Penn, *FBI Ousts Leader as Patel Fumes Over Attention to Agency Jet Use*, BLOOMBERG LAW (Nov. 1, 2025), https://news.bloomberglaw.com/us-law-week/fbi-ousts-leader-as-kash-patel-fumes-over-attention-to-agency-jet-use. Moreover, if discovery proceeds, Director Patel's claim puts at issue highly sensitive information about his nightly activities and whereabouts, which will no doubt generate disputes that will require judicial intervention. Finally, a stay pending decision on Figliuzzi's motion will not prejudice Director Patel, as the deadline to complete discovery is September 25, 2026.

## III.    Plaintiff's Position

Motions to stay are disfavored under Texas law and the federal rules. See *Health Choice Group, LLC v. Bayer Corp.*, 2018 WL 5728515 (E.D. Tex. 2018). To grant such a stay "is the exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, 2015 WL 11019132 (N.D. Tex. 2015). To allow a stay of discovery during a pending motion to dismiss inevitably requires a trial court to prematurely consider the merits of a case, which "would allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848 (N.D. Ill. 2007). One such exception cited by Defendant, *Von Drake v. Nat'l Broad. Co., Inc.*, 2004 WL 1144142, is distinguishable from the present case. Plaintiff in *Von Drake* was an unsophisticated *pro se* litigant who filed a facially deficient complaint. See *id*. Conversely, Dir. Patel's counsel has filed a proper complaint.

Defendant complains that Dir. Patel's discovery requests are broad. This is a mischaracterization. Dir. Patel's requests are narrowly tailored for the litigation. Even if the discovery were as broad as Defendant claims, it would not justify a stay because to grant a stay, even for "far-reaching" discovery can be "problematic because it may needlessly lengthen the litigation." *United States v. Infilaw Corp.*, 2018 WL 889024 (M.D. Fla. 2018). This would certainly be the case here. The Court should deny Defendant's request for a stay exactly because Dir. Patel's discovery requests are so thorough. To grant a stay would cause undue delay and cause this litigation to take longer than necessary.

## IV.    Conclusion and Prayer

In light of this dispute, the parties respectfully request a conference with the Court.

Respectfully,

Marc A. Fuller
Counsel for Defendant

*/s/ Jason C. Greaves*
Jason C. Greaves
Counsel for Plaintiff

**Certificate of Conference**

Counsel for the parties discussed, but were unable to resolve, this dispute during the Rule 26(f) conference on September 2, 2025. Jason Greaves attended on behalf of Plaintiff. Scott Fletcher and Marc Fuller attended on behalf of Defendant.

On November 5-12, 2025, the parties conferred by email, but were still unable to reach agreement.

*/s/ Marc A. Fuller*

cc:    Counsel of Record via ECF