# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kashyap P. Patel,<br><br>      Plaintiff,<br><br>v.<br><br>Cesare Frank Figliuzzi, Jr.,<br><br>      Defendant. | Civil Action No. 4:25−cv−02548 |

## PLAINTIFF KASHYAP PATEL'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CESARE FRANK FIGLIUZZI, JR.

Plaintiff, Director Kashyap Patel, by counsel and pursuant to Federal Rule of Civil Procedure 34, hereby requests that Defendant Cesare Frank Figliuzzi, Jr., serve written responses to the following production requests and produce the requested documents within thirty (30) days of service to the office of Binnall Law Group, 717 King Street, Suite 200, Alexandria, Virginia 22314. These requests do not call for documents protected by attorney-client privilege, the work product doctrine, or other privilege; however, to the extent that a document is withheld pursuant to a privilege, Defendant Figliuzzi shall maintain a privilege log, state the appropriate objection, and describe the privilege asserted.

### DEFINITIONS

1. The terms "Defendant," "you" and "your" shall refer to Cesare Frank Figliuzzi, Jr.

2. The term "Plaintiff" shall refer to Kashyap P. "Kash" Patel (Dir. Patel).

3. The term "Complaint" shall refer to the Complaint filed in the instant matter by Dir. Patel on or about June 2, 2025.

4. The term "document" shall mean, without limitations, electronically stored information ("ESI") and any writing, drawing, graph, chart, photograph, sound recording, image, and other data or data compilation stored in any medium from which information can be obtained, translated, if necessary, through detecting devices into reasonably usable form.

5. The terms "communication" and/or "communicated" mean and refer to any transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether in writing, orally, electronically, or otherwise, and includes, but is not limited to, emails, letters, memos, notes, emails, text messages, instant messaging, G-chat, WhatsApp messages, Facebook/Meta messages, LinkedIn messages, Twitter/X direct messages, Instagram messages, TikTok direct messages, Mastodon messages, Snapchat messages or screenshots of Snaps, or any other social media or chat messaging apparatus or any posting on social media or chat platforms.

## REQUESTS FOR DOCUMENTS

1. Produce all documents that you identified or relied upon in answering Plaintiff's First Set of Interrogatories.

2. Produce all documents you identified or relied upon in your Answer to the Complaint.

3. Other than attorney-client privileged communications, produce all communications (including but not limited to text message, WhatsApp, other social

media, or email) you have had with anyone from August 1, 2024, to the present, regarding Plaintiff.

4. Produce all documents and communications regarding your statement about Plaintiff, alleged in ¶ 10 of the Complaint.

5. Produce documents sufficient to show monthly sales figures and/or monthly income to Mr. Figliuzzi for his book, *The FBI Way*, from January 1, 2021, to present.

Dated: October 31, 2025

KASHYAP PATEL
*By Counsel*

/s/     Jason C. Greaves
Jason C. Greaves
Attorney-in-Charge
Texas Bar No. 24124953
S.D. Tex. Fed. ID No. 3921330

Jesse R Binnall
Virginia Bar No. 79292
S.D. Tex. Fed ID No. 2979990

BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jesse@binnall.com

*Counsel for Plaintiff Kashyap P. Patel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a true and correct copy of the foregoing was served by electronic mail, on:

Marc A Fuller
Abigail Ann Lahvis
Maggie Irene Burreson
Jackson Walker LLP
2323 Ross Ave., Ste 600
Dallas, Texas 75201
mfuller@jw.com
alahvis@jw.com
mburreson@jw.com

Kenneth P Held
Fletcher Held, PLLC
808 Travis St., Ste 1553
Houston, Texas 77002
kheld@fletcherheld.com

N. Scott Fletcher
Attorney at Law
808 Travis St., Ste 1553
Houston, Texas 77002
Sfletcher@fletcherheld.com

Peter Blackmer Steffensen
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, Texas 75275-0116
psteffensen@mail.smu.edu

Thomas Shawn Leatherbury
Thomas S. Leatherbury Law, PLLC
1901 N. Akard St.
Dallas, Texas 75201
tom@tsleatherburylaw.com

*Counsel for Defendant*

/s/     Jason C. Greaves
Jason C. Greaves
Attorney-in-Charge

*Counsel for Plaintiff Kashyap P. Patel*

4

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kashyap P. Patel, <br><br> Plaintiff, <br><br> v. <br><br> Cesare Frank Figliuzzi, Jr., <br><br> Defendant. | Civil Action No. 4:25-cv-02548 |

PLAINTIFF KASHYAP PATEL'S FIRST SET OF INTERROGATORIES TO DEFENDANT CESARE FRANK FIGLIUZZI, JR.

Plaintiff, Director Kashyap Patel, by counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories to Defendant Cesare Frank Figliuzzi, Jr., to be responded to fully, in writing and under oath in accordance with the Federal Rule of Civil Procedure 33, within thirty (30) days of service to the office of Binnall Law Group, 717 King Street, Suite 200, Alexandria, Virginia 22314.

## DEFINITIONS

1. The terms "Defendant," "you" and "your" shall refer to Cesare Frank Figliuzzi, Jr.

2. The term "Plaintiff" shall refer to Kashyap P. "Kash" Patel (Dir. Patel).

3. The term "Complaint" shall refer to the Complaint filed in the instant matter by Dir. Patel on or about June 2, 2025.

4. The term "document" shall mean, without limitations, electronically

stored information ("ESI") and any writing, drawing, graph, chart, photograph, sound recording, image, and other data or data compilation stored in any medium from which information can be obtained, translated, if necessary, through detecting devices into reasonably usable form.

5. The terms "communication" and/or "communicated" mean and refer to any transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether in writing, orally, electronically, or otherwise, and includes, but is not limited to, emails, letters, memos, notes, emails, text messages, instant messaging, G-chat, WhatsApp messages, Facebook/Meta messages, LinkedIn messages, Twitter/X direct messages, Instagram messages, TikTok direct messages, Mastodon messages, Snapchat messages or screenshots of Snaps, or any other social media or chat messaging apparatus or any posting on social media or chat platforms.

6. The term "identify" as used herein means:

    a. With respect to a natural person, to state, to the extent known and whether or not the interrogatory specifically asks for this information, the person's: (i) full name; (ii) present residence and business addresses and telephone numbers; (iii) current place of employment and position; and (iv) relationship to you. If any of the information set forth in (i)–(iv) is unknown, so state and set forth the corresponding last known such information.

    b. With respect to a corporation or other business entity, to state, to the extent known and whether or not the interrogatory specifically asks for this information, for each corporation or business entity: (i) its full name;

2

(ii) its legal form; (iii) its address and principal place of business; and (iv) the identity of officers or other persons having knowledge of the matter with respect to which the corporation or entity is named.

  c.  With respect to a document, to state, to the extent known and whether or not the interrogatory specifically asks for this information, the: (i) type of document; (ii) identity of the person(s) originating and preparing it and the sender; (iii) general subject matter; (iv) date of preparation; (v) addressee(s) and recipients; (vi) location of each copy (including title, index number, and location of the file in which it is kept or form which it was removed) and the identity of the present custodian or persons responsible for its filing or other disposition; and (vii) identity of persons who can authenticate or identify it.

  d.  With respect to a communication, to state, to the extent known and whether or not the interrogatory specifically asks for this information: (i) the substance of the communication; (ii) the form of the communication (e.g., telephone, facsimile, e-mail, etc.); (iii) the identity of all parties to and/or present at the time of the communication; (iv) the time, date, and place of the communication; and (v) the identity of all documents evidencing this communication.

  e.  With respect to agreements, to state, to the extent known and whether or not the interrogatory specifically asks for this information: (i) its date; (ii) the place where it occurred; (iii) the identity of all persons who

3

were parties to the agreement; (iv) the identity of all other persons present when it was made; and (v) the subject matter of the agreement.

7. The term "possession" includes possession, custody, or control.

8. The term "date" shall mean the exact date, month, and year, if ascertainable, or, if not, the best approximation of the date.

9. The term "location" shall mean the exact place where the event in question occurred, identified by (i) name and (ii) full address, complete with the exact office number, building unit, department, or section, if applicable.

## INTERROGATORIES

1. Identify all persons who provided information that was used in preparing the responses to these interrogatories and all sources of information, including any documents, consulted or referred to in the preparation of these answers.

2. Other than attorney-client privileged communications or attorney work product, identify all communications or documents, from August 1, 2024, to the present, regarding Plaintiff.

3. Identify any blogs, forums, or other websites on which you commented, or news outlets to which you communicated, regarding Plaintiff or regarding public appearances by senior FBI leadership from August 1, 2024, to present, and identify the username/handle you used (if applicable), as well as the comments or communications themselves.

4

4. Identify all social media accounts operated or used by you and the creation date of those accounts.

5. Identify any communications you have had with the FBI or MSNBC regarding Dir. Patel from January 1, 2020, to present.

6. Identify and describe any compensation you have received from MSNBC since your statement alleged in Paragraph 10 of the Complaint, including the amount received.

7. Describe in detail the basis for your statement, alleged in Paragraph 10 of the Complaint, that Dir. Patel has been "visible at nightclubs far more than he has been on the seventh floor of the Hoover building," including the identy of any person or document that relayed or reported such information to you, any source of information that supports that statement, the name and location of any supposed nightclub that Dir. Patel has visited since becoming Director of the FBI, the dates of any such visits, and any dates or instances of Dir. Patel being absent from the Hoover building or otherwise derelict from his duties as Director of the FBI due to attendance at a nightclub.

8. Describe any steps taken to investigate or verify your statement alleged in Paragraph 10 of the Complaint before you made it.

5

## VERIFICATION

I do solemnly declare and affirm under the penalty of perjury that the foregoing responses to the First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated: _____                    _____
                                            Cesare Frank Figliuzzi, Jr.

| | |
|---|---|
| Dated: October 31, 2025 | KASHYAP PATEL |
| | *By Counsel* |

/s/     Jason C. Greaves
Jason C. Greaves
Attorney-in-Charge
Texas Bar No. 24124953
S.D. Tex. Fed. ID No. 3921330

Jesse R Binnall
Virginia Bar No. 79292
S.D. Tex. Fed ID No. 2979990

BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com
jesse@binnall.com

*Counsel for Plaintiff Kashyap P. Patel*

7

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2025, a true and correct copy of the foregoing was served by electronic mail, on:

Marc A Fuller
Abigail Ann Lahvis
Maggie Irene Burreson
Jackson Walker LLP
2323 Ross Ave., Ste 600
Dallas, Texas 75201
mfuller@jw.com
alahvis@jw.com
mburreson@jw.com

N. Scott Fletcher
Attorney at Law
808 Travis St., Ste 1553
Houston, Texas 77002
Sfletcher@fletcherheld.com

Thomas Shawn Leatherbury
Thomas S. Leatherbury Law, PLLC
1901 N. Akard St.
Dallas, Texas 75201
tom@tsleatherburylaw.com

Kenneth P Held
Fletcher Held, PLLC
808 Travis St., Ste 1553
Houston, Texas 77002
kheld@fletcherheld.com

Peter Blackmer Steffensen
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, Texas 75275-0116
psteffensen@mail.smu.edu

*Counsel for Defendant*

/s/    Jason C. Greaves
Jason C. Greaves
Attorney-in-Charge

*Counsel for Plaintiff Kashyap P. Patel*

8