IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
Houston Division

KASHYAP PATEL,

      *Plaintiff,*

v.

      Case No. 4:25-cv-02548

CESARE FRANK FIGLIUZZI, JR,

      *Defendant.*

## PLAINTIFF KASHYAP PATEL'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY

Defendant asks this Court to halt all discovery based on a pending Rule 12(b)(6) motion and speculative burdens and privilege disputes. The request should be denied because Defendant has not carried his burden to show good cause under Rule 26(c) and has fundamentally mischaracterized the case, Plaintiff's arguments, and the governing law.

### BACKGROUND

On May 2, 2025, Defendant appeared on the MSNBC talk show, *Morning Joe*, to comment on ongoing national security issues, particularly those involving the FBI. Compl. at ¶ 9. During his appearance, Defendant stated that "[r]eportedly, [Dir. Patel] has been visible at nightclubs far more than he has been on the seventh floor of the Hoover Building." *Id.* at ¶ 10. To refute

1

this categorically false allegation, Dir. Patel filed suit against Defendant on June 2, 2025. Defendant filed a motion to dismiss on September 5, 2025. Dir. Patel propounded his first discovery requests on October 31, 2025. After obtaining leave from the Court, Defendant filed a motion to stay discovery on November 21, 2025. Dir. Patel now opposes the motion to stay discovery.

**LEGAL STANDARD**

Stays of discovery are disfavored under both Texas law and the federal rules. *See Health Choice Group, LLC v. Bayer Corp.*, No. 5:17-cv-126, 2018 WL 5728515, at *2 (E.D. Tex. 2018). District courts may stay discovery for good cause. Fed. R. Civ. P. 26(c). Such a stay, however, "is by no means automatic." *Von Drake v. National Broadcasting Co., Inc.*, No. 3:04-cv-0652, 2004 WL 1144142, at *1 (N.D. Tex. 2004) (quoting *Spencer Trask Software and Information Services, LLC v. RPost Int'l Ltd.,* 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). Indeed, the grant of a stay should be "the exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470, 2015 WL 11019132, at *2 (N.D. Tex. 2015) (quoting *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.,* No. 3:08-cv-0774, 2008 WL 2930482 at *1 (N.D. Tex. 2008) (Kaplan, J.)); *see also Mahalingam v. Wells Fargo Bank, N.A.*, 349 F.R.D. 127, 141 (N.D. Tex. 2023).

Courts are empowered to consider such factors as "(1) the breadth of discovery sought; (2) the burden of responding to such discovery, and (3) the strength of the dispositive motion filed by the party seeking a stay". *Von Drake*, 2004 WL 1144142, at *1 (citing *Spencer Trask Software*, 206 F.R.D. at 368). This analysis, however, should not "engage in a preemptive merits analysis to determine whether [Plaintiff] is entitled to discovery on the claim that [he] has pleaded and is pursuing." *Randstad Gen. Ptr. (US), LLC v. Beacon Hill Staffing Grp., LLC,* No. No. 3:20-cv-2814, 2021 WL 4319673, at *1 (N.D. Tex. 2021) (quoting *Firebirds Int'l, LLC v. Firebird Rest. Grp. LLC,* No. 3:17-cv-2719, 2018 WL 3655574 at *16 (N.D. Tex. 2018)). Such an inquiry "would allow the exception to swallow the rule." *Health Choice Group, LLC*, 2018 WL 5728515, at *2 (quoting *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05-cv-6673, 2007 WL 3256848, at *2 (N.D. Ill. 2007)).

## ARGUMENT

### I. Defendant's motion for stay fails to overcome the presumption against a stay of discovery.

Stays of discovery are disfavored. *See Health Choice Group, LLC*, 2018 WL 5728515, at *2. Defendant's motion for a stay fails to make an argument sufficient to overcome this disfavor. In his motion to stay, Defendant, quoting *Landry*, states that "good cause exists where the granting of a motion to dismiss 'might preclude the need for discovery altogether[,] thus saving time

3

and expense.'" Dkt. No. 33 at 4 (quoting *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990)). This application is overbroad. Under this reading of the case, *any* motion to stay has good cause when there is a pending motion to dismiss because a motion to dismiss always creates a possibility of precluding the need for discovery. A stay, however, is *not* automatic. *See Von Drake*, 2004 WL 1144142, at *1; *Health Choice Group, LLC*, 2018 WL 5728515, at *2.

*Von Drake* offers a useful example of the type of case where a stay of discovery is appropriate, and how a court should consider balanced interest without engaging in a premature merits analysis. In that case, the Plaintiff, a *pro se* litigant, filed a facially deficient complaint accusing NBC of age and race discrimination because he was not selected as a finalist in a singing competition. *See Von Drake*, 2004 WL 1144142, at *1. The discovery that Plaintiff sought in *Von Drake* also requested "detailed information about the 6,000 people who applied for the singing competition," among other information only tangentially related to his claim. *Id.* From these facts, the court granted the stay of discovery because the burden of the discovery requests *vastly* outweighed the feasibility of an inherently frivolous pleading. *Id.* A stay of discovery during the pendency of a motion to dismiss is therefore justified only when (1) the complaint is plainly deficient on its face; and (2) discovery requests are unduly burdensome.

Here, Defendant makes much of his motion to dismiss because of his reliance on *Landry*. *Landry*, however, does not stand for the notion that a motion to dismiss always creates "good cause" for a stay of discovery. *See generally Landry v. Air Line Pilots Ass'n Intern. AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990). On the contrary, a stay of discovery must always be "the exception rather than the rule." *Griffin*, 2015 WL 11019132, at *2 (quoting *Glazer's Wholesale Drug Co., Inc.,* 2008 WL 2930482 at *1); *see also Mahalingam*, 349 F.R.D. at 141. A "cursory review" standard cannot substitute for the movant's burden to establish good cause in this case. Defendant's motion to dismiss—if granted—would end the case, but that is true in every case where a single-claim complaint faces a Rule 12(b)(6) motion.

The question is whether his motion is so compelling that discovery would be wasteful. As Plaintiff's opposition to the motion to dismiss illustrates, it is not. A stay of discovery is appropriate only in cases where a pleading is clearly inadequate on its face. *See Von Drake*, 2004 WL 1144142, at *1. As Defendant's own extensive analysis and Plaintiff's subsequent, comprehensive brief demonstrate, this is a far more complex case with pleadings that are, at a minimum, plausible. Because this case is founded on well-pleaded complaints, Defendant's claim that his motion to dismiss is so likely to succeed as to make discovery unnecessary is incorrect and his motion should be denied.

## II.    Proper Disposition of this Case Requires Discovery.

Defendant's stay request rests on the premise that his Rule 12(b)(6) motion presents threshold, purely legal issues certain to dispose of the case. *See* Dkt. No. 33 at 5. But whether a reasonable viewer could perceive Defendant's "nightclub" statement as a verifiable assertion versus nonactionable opinion/rhetorical hyperbole is a context-driven analysis. Such analyses frequently turn on facts beyond the four corners of the complaint, including the statement's tone and the surrounding words and circumstances. *See Letter Carriers v. Austin,* 418 U.S. 264 (1974); *St. Amant v. Thompson,* 390 U.S. 727 (1968).

Defendant's own description underscores that his challenge hinges on how viewers would interpret the remark, which is not an issue that discovery can never inform. His cited authorities acknowledge only that courts may, in appropriate cases, decide meaning at the pleadings stage. Courts do not, however, create a categorical bar to discovery whenever a defamation defendant asserts a question of law such as whether a statement is opinion, hyperbole, or an unprotected fabrication. *See Von Drake,* 2004 WL 1144142, at *1 (stating that a stay of discovery is "by no means automatic").

Defendant also claims Plaintiff has not plausibly pleaded actual malice and contends no discovery is needed while the Court assesses that argument. But plausibility review does not automatically stay discovery, and the cases to

which Defendant cites simply recognize courts' ability to adjudicate Rule 12(b)(6) motions; they do not hold that discovery must halt whenever a public-figure plaintiff sues for defamation, as explained above. Defendant's authorities at most describe discretionary stays granted on case-specific showings that are absent here.

Furthermore, Defendant's "substantial truth" preview confirms the importance of discovery. Defendant previewed that, if his "hyperbole" argument fails, he intends to defend on "substantial truth" and to seek wide-ranging materials about Plaintiff's whereabouts, activities, and related witnesses. Dkt. No. 33 at 10–11. This underscores, rather than negates, the need to move discovery forward in an orderly manner.

Defendant cannot both promise expansive discovery on his affirmative defenses if the case proceeds and simultaneously freeze Plaintiff's ability to obtain foundational discovery at the outset. Moreover, if Defendant intends to seek such expansive discovery, then there is still more reason to proceed with discovery as promptly as possible to ensure that both parties have ample time, not only to produce discovery materials, but also to review the materials produced by the opposing party. The Court can structure discovery to ensure parity and efficiency without a stay. Exactly because both parties will require significant time for adequate discovery, the Court should deny the stay and allow discovery to proceed promptly.

And given the pressing need to begin discovery, Defendant's argument that a stay will not prejudice Plaintiff fails. Defendant argues a stay will not prejudice Plaintiff because the discovery cutoff is September 2026 and trial is set for March/April 2027. Dkt. No. 33 at 10. Delay itself is prejudicial in a defamation case. Memories fade and third-party materials can be lost. The better course is proportionate, phased discovery focused initially on materials central to the pleaded issues, with privilege and sensitivity addressed through a protective order. The generous schedule is a reason to manage discovery—not to halt it.

### III.    Defendant's remaining arguments regarding the scope of discovery are unpersuasive.

Defendant characterizes Plaintiff's requests as "extraordinarily broad" and points to requests for communications about Plaintiff during specified periods and identification of web postings. *See* Dkt. No. 25 at 7. If Defendant believes particular requests are overbroad or implicate privilege, the Federal Rules provide tailored remedies: confer in good faith, serve specific objections, seek protective relief as to discrete requests, and propose narrowing or phased discovery. *See* Fed. R. Civ. P. 34(b)(2). A blanket stay is not the appropriate tool. Defendant's cited cases involved individualized showings, not the speculative, across-the-board burdens asserted here.

Defendant's invocation of reporter's privilege and shield laws is premature. No subpoena has issued to any nonparty journalist, and no specific privilege log or dispute is before the Court. Privilege concerns can be addressed through targeted objections, logs, conferrals, and if necessary, motion practice—none of which requires halting all discovery directed to Defendant. Defendant's own authorities contemplate case-by-case adjudication of privilege issues, not presumptive stays.

Regardless, Plaintiff's requests are not the overbroad, burdensome probes that Defendant alleges. Far from broad fishing expeditions, Plaintiff's requests are all tailored by subject and time. Defendant falsely claims that Plaintiff "seeks all communications since January 1, 2020" between Defendant and "anyone at MSNBC or the FBI." Dkt. No. 33 at 7. This is a mischaracterization because Plaintiff requested only those communications between Defendant and MSNBC or the FBI that directly pertained to Dir. Patel. Dkt. No. 33.1, Exhibit B. Such limitations fall squarely within the requirement of the Federal Rules that Requests "describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1).

Defendant also speculates that discovery could expose current and former FBI personnel to retribution and even cites news articles to suggest that Dir. Patel has already retaliated against FBI employees. *See* Dkt. No. 33

9

at 8–10. Even if the Court were to credit these partisan speculations, they do not warrant a categorical stay for two reasons. First, Defendant has no standing to raise these concerns. Defendant is no longer an employee at the FBI. His concern for current employees there, however misguided, is not grounds for a stay of discovery. The nameless FBI employees that Defendant ostensibly seeks to shield are not parties to this litigation. Second, The Court can deploy protective orders, confidentiality designations, redactions, and sequencing to safeguard sensitive identities and security information while permitting core discovery to proceed. Defendant's motion identifies no concrete, imminent harm that cannot be mitigated by standard protective measures.

## CONCLUSION

Defendant has not demonstrated good cause for a blanket stay. The Court should deny the motion and direct the parties to proceed with discovery under a Rule 26(c) protective order and, if the Court deems appropriate, a phased plan addressing any discrete sensitivity concerns.

Dated: December 5, 2025                    Respectfully submitted,

                                          /s/     Jason C. Greaves_____
                                          Jason C. Greaves
                                          Attorney-in-Charge
                                          Texas Bar No. 24124953
                                          S.D. Tex. Fed. ID No. 3921330

BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
jason@binnall.com

*Attorney for Plaintiff*
*Kashyap P. Patel*

## CERTIFICATE OF SERVICE

I certify that on December 5, 2025, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/    Jason C. Greaves
Jason C. Greaves
Attorney-in-Charge
Texas Bar No. 24124953
S.D. Tex. Fed. ID No. 3921330

*Attorney for Plaintiff*
*Kashyap P. Patel*