UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KASHYAP P. PATEL,<br><br>    *Plaintiff*<br><br>v.<br><br>CESARE FRANK FIGLIUZZI, JR.,<br><br>    *Defendant* | CIVIL ACTION NO. 4:25-cv-02548 |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY

Director Patel does not dispute Figliuzzi's core grounds for staying discovery while the Court completes its review of Figliuzzi's motion to dismiss. Figliuzzi's motion presents substantial arguments for dismissal, which would end the entire case and negate the need for any discovery. Otherwise, the potentially unnecessary discovery will generate complicated and difficult disputes, including over privilege and national security. There is no need to start that process now, as discovery does not close until September 2026.

Instead, Director Patel relies on a misstatement of the law, arguing erroneously that discovery stays are appropriate only if the plaintiff's complaint is facially invalid. No authority—not even the sole case Patel cites—supports this broad assertion. Moreover, although Director Patel vaguely refers to the potential use of "phased" discovery plans and confidentiality orders, he offers nothing specific to protect the First Amendment rights of Figliuzzi and other journalists, or the careers and livelihoods of FBI critics whom Patel seems intent on unmasking and persecuting.

# ARGUMENT

The parties agree that the Court has broad discretion to stay discovery pending its decision on Figliuzzi's Rule 12(b)(6) motion to dismiss. (Dkt 33 at 4; Dkt. 35 at 2). They further agree that determining whether good cause exists for such a stay requires consideration of the strength of Figliuzzi's dismissal arguments, the burden of the discovery requested by Director Patel, and any harm associated with a short delay. (*Id.*) All of these considerations support entry of a stay.

### A. Director Patel does not dispute that Figliuzzi has presented substantial arguments for the dismissal of the entire case.

Director Patel's argument that Figliuzzi's motion to dismiss is not sufficiently strong to justify a stay of discovery is based on a misstatement of the applicable legal standard. Patel contends that one of the cases cited by Figliuzzi, *Von Drake v. National Broadcasting Company*, illustrates "how a court should consider balanced interest [sic] without engaging in a premature merits analysis." (Dkt. 35 at 4) (citing 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)). But Patel mischaracterizes *Von Drake,* stating that it suggests that a stay is proper "only in cases where a pleading is clearly inadequate on its face." (*Id.* at 5). That is not what *Von Drake* says. Far from concluding that the complaint was obviously deficient, the court stated that it "cannot predict the outcome of defendants' motion to dismiss," noting only that a "*cursory review* of the motion reveals that defendants have *substantial arguments*." citing 2004 WL 1144142, at *1 (emphasis added). Thus, if this Court follows *Von Drake*—as Director Patel argues it should—it need only conduct a *cursory review* of Figliuzzi's motion to determine whether the motion makes *substantial*

*arguments* for dismissal. *Id.* There is no serious dispute that Figliuzzi's motion satisfies this standard.

Beyond *Von Drake*, Director Patel ignores all the other cases cited by Figliuzzi in which courts have stayed discovery after concluding that the defendant raised "substantial" grounds for dismissal. (Dkt. 33 at 4-7). Director Patel also ignores the compelling First Amendment interests that further support a stay in this case. (*Id.* at 4-5). Figliuzzi's motion cites just a few of the many recent defamation cases in which courts have stayed discovery pending resolution of a media defendant's motion to dismiss. (*Id.*). Patel does not address any of them. And he does not cite a single case in which a court denied a motion to stay in such circumstances. Instead, Director Patel relies primarily on an inapposite *qui tam* case that did not involve a defamation claim or constitutionally protected speech. (Dkt. 35 at 2, 3, 4) (citing *Health Choice Group, LLC v. Bayer Corp.*, 2018 WL 5728515, at *2 (E.D. Tex. 2018)).

Director Patel also fails to show that his requested discovery would have any impact on Figliuzzi's motion to dismiss. Patel acknowledges that the threshold legal question raised in the motion is one of meaning—"how viewers would interpret the remark"—which he halfheartedly argues "is not an issue that discovery can never inform." (Dkt. 35 at 6). But regardless of whether discovery can *ever* inform the issue of meaning, it cannot here. Whether Figliuzzi's remark would be understood literally or hyperbolically is an "objective, not subjective" inquiry, with the Court assuming the role of the hypothetical "reasonable viewer." *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 156-57 (Tex. 2004). As Director Patel acknowledges, this inquiry requires consideration of Figliuzzi's full

statement, including its "tone and the surrounding words and circumstances." (Dkt. 35 at 6). This information is already before the Court. Figliuzzi's motion to dismiss attached a video of his entire remarks about Director Patel on the May 2, 2025 episode of *Morning Joe*, along with news reports reflecting the broader political and narrative context in which Figliuzzi's quip was made. (Dkt. 25-1). Thus, the Court already has what it needs to interpret Figliuzzi's remark, without any discovery.[1]

### B.  A balancing of relevant interests supports entry of a brief stay.

Director Patel's discussion of the balancing of interests similarly relies on assertions that are devoid of factual and legal support. First, Patel insists that there is a "pressing need to begin discovery" on the issue of substantial truth. (Dkt. 35 at 7-8). He ignores, however, that there will be *no need* to conduct any discovery on this issue if the Court grants Figliuzzi's motion to dismiss. Substantial truth becomes relevant in this case *only if* the Court holds that the reasonable viewer would have interpreted Figliuzzi's sarcastic remark as asserting literal facts and, separately, that Director Patel has satisfied his actual malice pleading burden. (Dkt. 25 at 19-29). If the Court agrees with Figliuzzi on either issue, the case will be over and no discovery will be needed. Thus, contrary to Director Patel's suggestion, there is nothing inconsistent in Figliuzzi's recognition that the parties may

---

[1] Director Patel does not contend that he is entitled to take discovery on the second, independent fatal defect in his complaint—the absence of actual malice—and for good reason. His complaint relies on conclusory allegations that courts have repeatedly rejected as inadequate, including in litigation brought by Patel against his media critics. (Dkt. 25 at 18-21). *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because [plaintiff's] complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.").

never have to address the issue of substantial truth but, if they do, his discovery on it will necessarily be broad.

Director Patel is also off the mark with his suggestion that "phased discovery" can adequately address these issues. (*Id.* at 7-8). Patel does not offer any specific proposal for how such phasing might work. Instead, he alludes vaguely to an initial focus on "materials central to the pleaded issues." (*Id.* at 7). But his insistence that the parties must address issues of substantial truth "as promptly as possible"—along with his extraordinarily broad requests for production and interrogatories—confirm that whatever "phasing" he has in mind will not address (much less alleviate) any of the concerns that support a stay here. (*Id.*). Besides, a stay of discovery pending the Court's decision on Figliuzzi's motion to dismiss is precisely the kind of "phasing" that *is* appropriate in this case. Figliuzzi's motion was filed in September and has been fully briefed since early October, so any stay will likely be short. If the case ends up proceeding into the next phase, there will be plenty of time for the parties to conduct appropriately thorough investigations of substantial truth and other issues before the discovery cutoff date of September 18, 2026. (Dkt. 35 at 8) (noting the "generous schedule").

Director Patel also fails to make the requisite showing that a delay would prejudice him. He cites only "[d]elay itself" as prejudicial, noting that memories sometimes fade and third-party materials may be lost. (Dkt. 35 at 8). But Patel offers nothing to substantiate any such concerns here. Indeed, the opposite is true in this case: a brief stay is the only way to protect the First Amendment rights of Figliuzzi and nonparty journalists while the Court resolves the threshold issues of meaning and actual malice pleading. And, in any event,

"the reasonable delay typical in cases where discovery has been stayed pending resolution of a motion to dismiss" is not sufficient to show prejudice. *Psychic Readers Network, Inc. v. A&E Television Networks LLC*, 2025 WL 1380956, at *2 (S.D.N.Y. May 13, 2025) (granting stay in defamation case when plaintiff asserted only delay as prejudicial and "responding to the requests [would] require a significant expenditure of time and energy [by defendants]").

Beyond failing to show any actual prejudice from a brief delay, and overstating the need for immediate discovery, Director Patel also grossly underestimates the breadth, burden, and complexity that party and nonparty discovery will entail here. Remarkably, Patel claims that the requests he has served are "tailored," "not the overbroad, burdensome probes that Defendant alleges." (Dkt. 35 at 9). Then, in the same breath, Patel references a request that literally seeks every communication between Figliuzzi and anyone at MSNBC or the FBI pertaining to Patel, including for several years before Patel became FBI Director. (*Id.*).

Director Patel then argues that, if Figliuzzi does not agree that such requests are appropriately "tailored," or if he believes they invade the reporter's privilege,[2] then Figliuzzi must have his counsel draft objections, prepare privilege logs, participate in meet-

---

[2] Director Patel argues that no reporter's privilege concerns are at issue yet because he has not subpoenaed any journalist. (Dkt. 35 at 9). But Figliuzzi is a journalist. As the cases cited by Figliuzzi confirm, the First Amendment reporter's privilege protects parties, not merely nonparties. (Dkt. 33 at 8). Most shield laws do, too. And to the extent that New York's law applies differently to parties and nonparties, this will only necessitate a choice of law analysis to determine, for each privileged communication, which state's shield law applies.

and-confer discussions, and (inevitably) engage in motion practice.[3] Furthermore, as Director Patel does not commit to providing the detailed information regarding his daily and nightly whereabouts that his claim puts at issue, it is clear that the routine of "objections, logs, conferrals, and if necessary, motion practice" will likely need to be repeated for the discovery Figliuzzi intends to pursue in his defense. (*Id.*). Director Patel thus does not deny that motion practice and wide-ranging discovery disputes will ensue on both sides if discovery proceeds. (*Id.* at 7-10; Dkt. 33 at 12-20). And these are not simple issues. Resolving disputed claims of privilege and protecting the personal and national security interests relating to Director Patel's whereabouts and activities will require extensive involvement by this Court and, possibly, other courts.

    Finally, Patel does not deny reports that he has taken retributive action against agents whom he views as his personal or political critics—describing such reports only as "partisan speculations"—but he argues that Figliuzzi lacks "standing to raise these concerns." (Dkt. 33 at 10). No authority supports the suggestion that the Court is obligated to ignore the legitimate interests of current or former agents whose careers and personal financial security could be put at risk by retaliatory acts by Patel—merely for having criticized him in the past or for providing truthful information through the discovery process in this case. Nor would Patel's vague references to "protective orders, confidentiality designations" and similar measures be sufficient to protect innocent third parties from his retribution and punishment.

---

[3] It is telling that Director Patel at least implicitly recognizes the need for these tools to "narrow[]" or "phase[]" his overbroad and privilege-invading discovery. *Id.* at 8-9.

## CONCLUSION

In sum, Director Patel should not be allowed to use this baseless defamation suit as a vehicle to punish Figliuzzi's constitutionally protected speech through burdensome and expensive discovery, or to pursue Patel's perceived critics in the media and the Bureau. Thus, Figliuzzi respectfully requests that the Court briefly stay discovery until it resolves his pending motion to dismiss.

Respectfully submitted,

*/s/ Marc A. Fuller*
Marc A. Fuller
Attorney-in-Charge
Texas State Bar No. 24032210
S.D. Tex. Bar No. 2035080
mfuller@jw.com
Maggie I. Burreson
Texas State Bar No. 24116150
S.D. Tex. Bar No. 3689815
mburreson@jw.com
Abigail A. Lahvis
Texas State Bar No. 24138136
S.D. Tex. Bar No. 3901286
alahvis@jw.com
JACKSON WALKER LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: (214) 953-5793
Facsimile:  (214) 953-5822

N. Scott Fletcher
Texas State Bar No. 00789046
S.D. Tex. Bar No. 16546
Kenneth P. Held
Texas State Bar No. 24030333
S.D. Tex. Bar No. 29197
FLETCHER HELD, PLLC
808 Travis Street, Suite 1553
Houston, Texas 77002
Phone : 713.255.0414
Fax : 713.255.0419
sfletcher@fletcherheld.com

Thomas S. Leatherbury
Texas State Bar No. 12095275
S.D. Tex. Bar No. No. 19358
tom@tsleatherburylaw.com
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 N. Akard St.
Dallas, TX 75201
Phone: (214) 213-5004

Peter B. Steffensen
Texas State Bar No. 24106464
S.D. Tex. Bar No. 3372006
psteffensen@smu.edu
SMU Dedman School of Law
First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275
Phone: (214) 768-4077

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

      I hereby certify that service of a true and correct copy of the above and foregoing document will be accomplished through the notice of electronic filing in accordance with the Federal Rules of Civil Procedure on this the 10th day of December, 2025, to the following:

Jason C. Greaves, Esq.
Jesse R Binnall, Esq.
BINNALL LAW GROUP
717 King Street, Suite 200
Alexandria, VA  22314
Telephone: (703) 888-1943
Facsimile:  (703) 888-1930
jason@binnall.com
jesse@binnall.com
*Counsel for Plaintiff Kashyap P. Patel*

                                      */s/ Marc A. Fuller*
                                      Marc A. Fuller