United States District Court
Southern District of Texas

**ENTERED**

April 21, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KASHYAP P. PATEL,<br>    Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-02548 |
| | § | |
| CESARE FRANK FIGLIUZZI, JR.,<br>    Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Cesare Frank Figliuzzi, Jr.'s Motion to Dismiss (Dkt. 25). After careful consideration of the briefing, the record, and the applicable law, the Court **GRANTS** the Motion (Dkt. 25) and **DISMISSES** this lawsuit.

## I.    FACTUAL BACKGROUND

Plaintiff Kashyap P. Patel ("Dir. Patel") is the Director of the Federal Bureau of Investigation ("FBI"). (Dkt. 1 at p. 2). Defendant Cesare Frank Figliuzzi, Jr. ("Figliuzzi") is the former assistant director for counterintelligence at the FBI. *Id*. On the MSNBC Show *Morning Joe*, the following interaction occurred:

Host:        "So, Frank, let's turn to FBI Director Kash Patel, who has sort of taken a surprisingly backseat role—at least to this point, in the first 102 or 103 days, wherever we are right now. What do you make of that, that he's just been a little less visible than I think a lot of people and Trump observers expected him to be?"

Figliuzzi:   "Yeah, well, reportedly, he's been visible at nightclubs far more than he has been on the seventh floor of the Hoover building. And there are reports that daily briefings to him have been changed from every day to maybe twice weekly. So this is both a blessing and a curse, because if he's really trying to run things without any experience

> level, things could be bad. If he's not plugged in, things could be bad, but he's allowing agents to run things. So we don't know where this is going."

(Dkt. 25 at p. 17).

Dir. Patel alleges that Figliuzzi's statement that Dir. Patel has "*been visible at nightclubs far more than he has been on the seventh floor of the Hoover building*" is actionable defamation under state law. (Dkt. 1 at pp. 3 – 5). Dir. Patel asserts that "[f]alsely claiming that the newly appointed Director of the FBI, the top federal law enforcement official in the nation, has been absent from his position, and has been, instead, spending the majority of his time in nightclubs, injures Director Patel in his profession." (*Id*. at p. 4). Dir. Patel alleges that Figliuzzi "fabricated a specific lie" and "had no basis for this statement." *Id*. In his motion, Figliuzzi argues instead that this comment was a sarcastic, hyperbolic remark that receives protection from defamation liability. (Dkt. 25 at p. 19).

## II.     LEGAL STANDARD

### A.     Rule 12(b)(6)

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations—when taken as true and viewed in the light most favorable to the plaintiff—do not state a claim that is plausible on its face. *Amacker*

*v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The Court's review is limited to the complaint, any documents attached to the complaint, any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint, and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

**B.    Defamation**

Under Texas law,[1] "[d]efamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006) (quoting *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.—Waco 2005, no pet.)). Defamation can be oral or written— that is, slander or libel. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *see* TEX. CIV. PRAC. & REM. CODE § 73.001. "To maintain a defamation cause of action, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

---

[1] As addressed more fully below, either Texas, Nevada, or New York state law could govern this claim. Where a conflict of law exists, a federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state. *Ingalls Shipbuilding v. Federal Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005). Here, the various state defamation laws do not conflict. *See Coronado v. Freedom Communs., Inc.*, No. 13-13-00525-CV, 2015 Tex. App. LEXIS 10128, at *6-7 (Tex. App. Sep. 30, 2015) ("Statements that would be perceived by the audience as 'rhetorical hyperbole' do not constitute defamation."); *Pegasus v. Reno Newspapers, Inc.*, 118 Nev. 706, 715, 57 P.3d 82, 88 (2002) ("[A] statement is not defamatory if it is an exaggeration or generalization that could be interpreted by a reasonable person as 'mere rhetorical hyperbole.'"); *Goldberg v. Levine*, 2012 NY Slip Op 5613, 1, 97 A.D.3d 725, 726, 949 N.Y.S.2d 692, 693 (App. Div. 2nd Dept.) ("Here, certain of the defendant's statements … were 'rehtorical hyperbole' and expressions of individual opinion. Therefore, accepting these allegations in the complaint as true…, they fail to state a cause of action to recover damages for defamation[.]") (cleaned up). As such, the Court need not conduct a choice-of-law analysis at present.

### III.    ANALYSIS

The Court finds that Dir. Patel has failed to allege a viable defamation claim against Figliuzzi. As such, the Court must dismiss Dir. Patel's lawsuit. While Figliuzzi requests attorney's fees and court costs under state anti-SLAPP statutes, the Court is unable to grant him such, and this request must be denied.

### A.    Defamation Claim

Patel alleges that Figliuzzi's statement "constitutes defamation per se because the defamatory meaning is obvious on its face." (Dkt. 1 at p. 4). In contrast, Figliuzzi argues that "[t]he reasonable viewer of *Morning Joe* would have understood Figliuizzi's remarks as a sarcastic, hyperbolic quip about the media narrative surrounding [Dir.] Patel at the time." (Dkt. 30 at p. 6). As such, according to Figliuzzi, his statement is not actionable. *Id*. Dir. Patel disagrees, asserting that "[b]ecause [Figliuzzi] appeared on a news-related program purportedly as a factual commentator, those who viewed and heard his statements on *Morning Joe* could reasonably have understood them to be factual." (Dkt. 29 at p. 15). The Court disagrees with Dir. Patel for the reasons below.

A statement is defamatory when a person of ordinary intelligence would interpret it in a way that tends to injure the subject's reputation and thereby expose the subject to public hatred, contempt, or ridicule, or financial injury, or to impeach the subject's honesty, integrity virtue, or reputation. TEX. CIV. PRAC. & REM CODE. ANN. § 73.001; *see also Turner v. KTRK Television, Inc.*, 38 S.W.3d 103, 114-15 (Tex. 2000). This is an objective

test. *Miranda v. Byles*, 390 S.W.3d 543, 550 (Tex. App.—Houston [1st Dist.] 2012, pet. filed) (citing *New Times, Inc. v. Isaacks*, 146 S.W.3d 144, 157 (Tex. 2004)).

The "person of ordinary intelligence" employed in this analysis "is a prototype of a person who exercises care and prudence, but not omniscience, when evaluating allegedly defamatory communications." *New Times, Inc.*, 146 S.W.3d at 154-55. "This person is no dullard and represents reasonable intelligence and learning, not the lowest common denominator." *Rehak Creative Servs. v. Witt*, 404 S.W.3d 716, 728 (Tex. App. 2013) (quoting *New Times*, Inc., 146 S.W.3d at 154-55) (internal quotations omitted). Here, Figliuzzi argues that a person of ordinary intelligence would perceive his statement as nothing more than "rhetorical hyperbole." (Dkt. 25 at p. 20). He asserts that Dir. Patel's allegations include an "unreasonably literal interpretation of the remark," and therefore Dir. Patel's complaint fails to assert a claim for defamation. *Id*. The Court agrees.

"Rhetorical hyperbole" is a subset of opinion, which Texas courts have "defined as extravagant exaggeration that is employed for rhetorical effect." *Backes v. Misko*, 486 S.W.3d 7, 26 (Tex. App.—Dallas 2015, pet. denied) (cleaned up). "Statements that would be perceived by the audience as 'rhetorical hyperbole' do not constitute defamation." *Coronado*, No. 13-13-00525-CV, 2015 Tex. App. LEXIS 10128, at *6-7 (Tex. App. Sep. 30, 2015). In this way, Texas law protects "statements that cannot reasonably be interpreted as stating actual facts about an individual." *New Times, Inc.*, 146 S.W.3d at 155 (cleaned up). "Whether an utterance is … rhetorical hyperbole turns not on what the speaker intended but what a reasonable person would believe and presents as a question of law for

the court to decide." *Dickson v. The Afiya Ctr.*, 650 S.W.3d 513, 516 (Tex. App. 2021) (citing *Carr v. Brasher*, 776 S.W.2d 567, 570 (Tex. 1989)).

The Court finds that Figliuzzi's statement, when taken in context, cannot have been perceived by a person of ordinary intelligence as stating actual facts about Patel. As alleged, Figliuzzi's statement about Patel—again, made in response to a question about Patel's decreased visibility as Director of the FBI—was that "he's been visible at nightclubs far more than he has been on the seventh floor of the Hoover building." (Dkt. 1 at p. 2). A person of reasonable intelligence and learning would not have taken his statement literally: that Dir. Patel has actually spent more hours physically in a nightclub than he has spent physically in his office building. By saying that Patel spent "*far more*" time at nightclubs than his office, Figliuzzi delivered his answer "in an exaggerated, provocative and amusing way," employing rhetorical hyperbole. *Rehak Creative Servs.*, 404 S.W.3d at 730.

The Court finds that Figliuzzi's statement is rhetorical hyperbole that cannot constitute defamation. Accordingly, Dir. Patel has failed to state a claim against Figliuzzi, and his lawsuit must be dismissed.

## B.    Fees and Costs

In his motion, Figliuzzi requests recovery of his court costs and attorney's fees under state anti-SLAPP law.[2] (Dkt. 25). Dir. Patel does not believe Figliuzzi is entitled to either. (Dkt. 29 at p. 21). The Court must first determine which state's law to consider—

---

[2] "SLAPP" is an acronym for Strategic Litigation Against Public Participation.

Nevada, New York, or Texas—as they differ in their application. *See Diamond Ranch Acad., Inc. v. Filer*, 117 F. Supp. 3d 1313, 1320 (D. Utah 2015) ("[C]ourt[s] only engage in a choice of law analysis if a true conflict exists between the two state laws.").[3]

"A federal court sitting in diversity jurisdiction must apply the choice of law rules of the forum state when a conflict of law exists." *Burdett v. Remington Arms Co., L.L.C.*, 854 F.3d 733, 735 (5th Cir. 2017) (citing *Ingalls Shipbuilding*, 410 F.3d at 230). The parties do not dispute that Texas choice of law rules apply in this case. *See* (Dkt. 25 at p. 29) ("Texas applies the 'most significant relationship test[.]'"); (Dkt. 29 at p. 21) ("In Texas, 'conflicts cases sounding in tort will be governed by the most significant relationship test[.]'"). However, Figliuzzi argues that either Nevada law or New York law governs the fee-shifting issue, while Dir. Patel argues instead that Texas law governs. (Dkt. 25 at p. 29); (Dkt. 29 at p. 21).

"In the tort context, Texas uses the 'most significant relationship' test from the Restatement (Second) of Conflict of Laws." *Nix v. Major League Baseball*, 62 F.4th 920, 932 (5th Cir. 2023); *see Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000). "That test requires courts to consider a variety of facts, including (i) where the injury occurred; (ii) where the tortious conduct occurred; (iii) where the parties reside, are

---

[3] Texas's anti-SLAPP law governing the recoverability of attorney's fees in a case like this one has been found not to apply in federal court. *Klocke v. Watson*, 936 F.3d 240, 245-49 (5th Cir. 2019) *as revised* (Aug. 29, 2019). While Nevada's anti-SLAPP law governing the same has been found to apply in federal court. *Adelson v. Harris*, 774 F.3d 803, 809 (2d Cir. 2014). And, though no such explicit determination has been found by a circuit court, the bulk of the case law finds that "New York's anti-SLAPP statute … [is] applicable in federal court." *Grifols, S.A. v. Yu*, No. 24-cv-00576 (LJL), 2026 U.S. Dist. LEXIS 64961, at *17 (S.D.N.Y. Mar. 26, 2026). As such, Texas's anti-SLAPP law, unlike that of Nevada and New York, is not viable in this Court.

domiciled, are incorporated, and conduct business; and (iv) where the relationship between the parties is centered." *Id*.; *see also Restatement (Second) of Conflict of Laws* § 145 (Am. L. Inst. 1971).

Texas law "requires that a choice of law determination be done on an issue by issue basis." *Spence v. Glock, GES.m.b.H.*, 227 F.3d 308, 311 n.6 (5th Cir. 2000). "[T]he 'issue of whether a statement is defamatory … is distinct from the issue of whether the statement is privileged' by a state's anti-SLAPP statute." *O'Gara v. Binkley*, 384 F. Supp. 3d 674, 682 (N.D. Tex. 2019) (quoting *Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 803 (N.D. Ill. 2011)). As such, the Court's choice-of-law analysis here must focus on the anti-SLAPP issues, not the defamation issues.

"[I]n the anti-SLAPP context, courts typically consider the place where the allegedly tortious conduct occurred and the speaker's domicile in determining what state's law to apply." *O'Gara*, 384 F. Supp. 3d at 682 (collecting cases). Here, Figliuzzi made his statement in New York while his domicile was Texas. (Dkt. 29 at p. 22). His being domiciled in Texas "weighs heavily in favor of applying Texas's anti-SLAPP statute." *O'Gara*, 384 F. Supp. 3d at 682; *see also Underground Sols., Inc. v. Palermo*, 41 F. Supp. 3d 720, 726 (N.D. Ill. 2014) (finding that a speaker's residence is one of the "central" factors to consider in determining which state's anti-SLAPP statute to apply).

The Court finds that Texas has the most significant relationship. Further, applying either Nevada's or New York's anti-SLAPP statute to a Texas Defendant would "impede on Texas's interest in protecting its citizens and fulfilling the statute's purpose." *O'Gara*,

384 F. Supp. 3d at 682. Accordingly, the Court applies the Texas anti-SLAPP statute to Figliuzzi's request.

The Fifth Circuit has found that, because Texas's anti-SLAPP statute's "burden-shifting framework imposes additional requirements beyond those found in Rules 12 and 56 and answers the same question as those rules, the state law cannot apply in federal court." *Klocke*, 936 F.3d at 245. Thus, while Figliuzzi prevails on the present motion to dismiss, the Court may not award him court costs and attorney's fees under Texas's anti-SLAPP law.

### IV.    CONCLUSION

The Court finds that Dir. Patel has failed to successfully allege a claim for defamation against Figliuzzi. Further, the Court holds that Figliuzzi is unable to recover attorney's fees and court costs under the Texas anti-SLAPP statute in this Court.

The Court **GRANTS** the motion (Dkt. 25) and **DISMISSES** the lawsuit. Final judgment is to follow.

SIGNED at Houston, Texas on April 21, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE